IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST St. LOUIS DIVISION

| | |
|---|---|
| DARRYL R. DUNCAN, #B-79384, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. 14-1167 |
| | ) |
| PAT QUINN, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO REVOKE
PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

Now Come Defendants, CHRISTINE BROWN and MICHAEL EDWARDS, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois and hereby move for the Court to revoke Plaintiff's *in forma pauperis* status, stating as follows:

1. On October 28, 2014, Plaintiff filed his Complaint in this case. (Doc. 1).

2. On November 3, 2014, the Court conducted its preliminary review of this case. In its review, it noted that Plaintiff had "three strikes" against him for the purposes of 28 U.S.C. § 1915(g), but that Plaintiff had sufficiently alleged imminent danger of serious physical injury in the form of deliberate indifference to his medical needs, thereby getting over the three-strikes bar. Plaintiff was therefore allowed to proceed in this case *in forma pauperis*. (Doc. 5).

3. Defendants now contest Plaintiff's allegations of imminent danger, and thereby move to revoke Plaintiff's *in forma pauperis* status. "[I]t has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger. . . . [W]hen a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict." Taylor v. Watkins, 623 F.3d 483, 485 (2010).

4. Plaintiff filed numerous motions for preliminary injunction, referencing the same medical issues he alleged to hurdle the three-strikes bar, in addition to more recent medical allegations. Defendants filed their response on February 23, 2015, (Doc. 34), and a hearing was held on March 12, 2015.

5. On April 20, 2015, the Court issued a report and recommendation on Plaintiff's motions, finding that Plaintiff's claims were not credible and that he had no chance of success on the merits. (Doc. 59). "[W]here the plaintiff fails to show some likelihood of success on the merits, it may call into question whether the plaintiff was actually in 'imminent danger of serious physical harm' to begin with." Ammons v. Hannula, 2009 WL 799670, at *3 (W.D. Wis. 2009) (revoking plaintiff's *in forma pauperis* status following a denial of preliminary injunction for lack of imminent danger, but allowing plaintiff to respond).

6. While the Court's report and recommendation was never adopted, this was only because Plaintiff was released from Pinckneyville Correctional Center, and his motions, along with the report and recommendation, were therefore denied as moot. (Doc. 77). This does not take away from the fact that the Court conducted a detailed examination of the record and did not find Plaintiff to be in imminent danger. (Doc. 59).

7. To the extent one is necessary, Defendants also request a hearing on the matter of Plaintiff's *in forma pauperis* status. "If a defendant contests a plaintiff's imminent-danger allegations, . . . the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing." Taylor, 623 F.3d at 485 (citing Gibbs v. Roman, 116 F.3d 83, 86-87 (3d Cir. 1997)).

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Court grant their motion and revoke Plaintiff's *in forma pauperis* status.

    Respectfully submitted,

    CHRISTINE BROWN and MICHAEL EDWARDS,

        Defendants,

    LISA MADIGAN, Attorney General,
    State of Illinois,

        Attorney for Defendants,

By:   s/ Zechariah Feng
       Zechariah Feng, #6312786
       Assistant Attorney General
       500 South Second Street
       Springfield, Illinois  62706
       (217) 782-2077 Phone
       (217) 782-8767 Fax
       E-Mail: zfeng@atg.state.il.us

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2015, the foregoing document, Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status, was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I caused a copy of the foregoing described document to be mailed by United States Postal Service, in an envelope properly addressed and fully prepaid, to the following non-registered participant:

    Darryl R. Duncan, #B-79384
    Dixon Correctional Center
    2600 North Brinton Avenue
    Dixon, Illinois   61021

                              Respectfully Submitted,

                              s/ Zechariah Feng
                              Zechariah Feng, #6312786
                              Assistant Attorney General
                              500 South Second Street
                              Springfield, Illinois  62706
                              (217) 782-2077 Phone
                              (217) 782-8767 Fax
                              E-Mail: zfeng@atg.state.il.us