IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARRYL R. DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-1167-MJR-SCW |
| | ) | |
| THOMAS SPILLER, | ) | |
| EDWARDS, and | ) | |
| CHRISTINE BROWN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### A. Introduction and Procedural Background

*Pro se* Plaintiff Darryl Duncan, currently incarcerated at Dixon Correction Center, filed this complaint pursuant to 42 U.S.C. § 1983 on October 28, 2014, raising multiple claims against numerous defendants related to his prior incarceration at Pinckneyville Correctional Center (Doc. 1). As narrowed by the Court's threshold review under 28 U.S.C. § 1915A, the Court found that the Plaintiff had raised a viable claim under § 1983, arguing the deliberate indifference of the Defendants to his serious medical needs (Doc. 5). Specifically, he argued that the Defendants purposefully denied him treatment and pain medication related to injuries he had sustained in the months prior to his filing, as well as being denied medication for gout, hypertension, and asthma (*Id*.).

Contemporaneously, Plaintiff additionally sought to proceed *in forma pauperis* ("IFP") (Doc. 2). Unlike most civil litigants, this request was somewhat more complicated in his case, due to the Plaintiff's history of filing claims deemed frivolous or denied pursuant to Federal Rule of Civil Procedure 12(b)(6) (*see* Doc. 5 at 3-4). As this had happened at least three times prior to the filing of the instant case (*Id.*), the Court noted that, pursuant to 28 U.S.C. § 1915(g), IFP could only be considered where "the prisoner is under imminent danger of serious physical injury." **28 U.S.C. § 1915(g)** (the so-called "three strikes rule"). However, based only upon a cursory examination of the complaint, the Court found that Duncan's allegations appeared to meet this threshold (Doc. 5 at 9). The Plaintiff was allowed to proceed, both as to the complaint and as to his pauper status on this single claim of deliberate indifference (*Id.*). The remaining claims and defendants were either dismissed or severed, and the case was referred to the Honorable Stephen C. Williams, United States Magistrate Judge on November 3, 2014 (Doc. 5).

After the referral, the Plaintiff filed numerous "emergency" motions for preliminary injunction and motions for temporary restraining orders (*see, e.g.*, Docs. 15, 30, 35, 37, 38, 47, and 57). Judge Williams conducted a motion hearing on March 12, 2015 (Doc. 41), taking the various motions under advisement. On April 20, 2015, Judge Williams issued a Report and Recommendations ("R&R") (Doc. 58). In the lengthy and thorough R&R, Judge Williams recommended that the undersigned District Judge deny

all of the Plaintiff's motions for injunctive relief (*Id*. at 15). Based upon the record, including evidence provided by the parties and testimony from the Plaintiff, Judge Williams concluded that the Plaintiff "has no chance of success on his claims" (*Id*.). *See Judge v. Quinn*, **612 F.3d 537, 546 (7th Cir. 2010) (preliminary injunction movant must show that he is likely to succeed on the merits).** The Plaintiff objected to the R&R (Doc. 60), but prior to a ruling by the Court (which would have adopted the R&R in all respects), the Plaintiff informed the Court that he was no longer in custody of the Defendants, thus mooting his injunctive requests (Doc. 77). *See City of Los Angeles v. Lyons*, **461 U.S. 95, 109 (1983).** Plaintiff later violated his parole and was again incarcerated, this time at Dixon Correctional Center.

On September 1, 2015, Defendants filed a motion seeking to revoke the Plaintiff's IFP status (Doc. 104). Put simply, the Defendants contest the Plaintiff's allegations of imminent danger which, due to his status under 28 U.S.C. § 1915(g), is required for any finding of pauper status (*Id*. at 1). Defendants pointed to Judge Williams initial R&R, which detailed his reasoning for finding the Plaintiff not to be in imminent danger (*Id*. at 2). Based upon these findings, the Defendants requested that the Plaintiff's IFP status be revoked (*Id*. at 3).

The Plaintiff responded (Doc. 110) and filed a supplement to that response (Doc. 115). Fully briefed, Judge Williams conducted a motion hearing on October 7, 2015, pursuant to 28 U.S.C. § 636(b)(1)(B) (Doc. 113). *See also Taylor v. Watkins*, **623 F.3d**

483, 485 (7th Cir. 2010) ("When a defendant contests a plaintiff's claims of imminent danger, a court must act to resolve the conflict.")

Based upon the parties' briefs and testimony during the hearing, Magistrate Judge Williams submitted a second R&R, recommending that the Court revoke the Plaintiff's IFP status and ordering the Plaintiff to pay the full filing fee within a reasonable period of time (Doc. 118 at 1). Specifically, Judge Williams found that Plaintiff's contention that he was in imminent danger of serious harm at the time he filed the Complaint (a requirement given the Plaintiff's status under 28 U.S.C. § 1915) to be not credible (*Id*. at 10). Plaintiff filed a timely objection to the R&R (Doc. 123).

Timely objections having been filed, the Court undertakes *de novo* review of the portions to the Report to which Plaintiff specifically objected. **28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** The undersigned can accept, reject, or modify Magistrate Judge Williams' recommendations, receive further evidence, or recommit the matter with instructions. *Id.* For the reasons stated below, the Court **ADOPTS** Magistrate Judge Williams' recommendations, **REVOKES** the Plaintiff's IFP status and **ORDERS** the Plaintiff to pay the full filing fee within a reasonable period of time.

B. <u>Judge Williams' Second R&R</u>

As he did in the initial R&R from April 2015, Magistrate Judge Williams did a thorough overview of the Plaintiff's complaints, building a timeline from testimony and relevant records. Based upon this information, Judge Williams concluded that the

Plaintiff's testimony was not credible, after consideration of a sizeable number of changes between the language of his complaint and that of later testimony and supporting documents.

As an example, Judge Williams notes that in the Plaintiff's complaint, he stated that he had not received his blood pressure medication for two weeks (Doc. 118 at 8). In his later testimony on March 12, 2015, he stated that the delay was in excess of a month and as much as two months (*Id.*; *see* Doc. 46 at 12). Further, records submitted into evidence (Doc. 22-1) demonstrate that medical staff was actively monitoring the Plaintiff's blood pressure, which directly contradicts the Plaintiff's complaint and later motions for injunctive relief (Doc. 118 at 8).

The records also contradict the Plaintiff's statement that staff had failed to treat him for a broken wrist, allegedly sustained on August 2, 2014 (Doc. 1 at 1). According to his medical records, the Plaintiff did not report an injury to his wrist on or around that date, and when he was seen on August 5, 2014 (Doc. 118 at 9, he directed staff to a small bump on his toe, rather than the broken wrist he claims he received only three days earlier (Doc. 22-1 at 43). Having gone untreated, the pain from his alleged injury should have been his primary concern, but no mention is made. It is not until a month later that the record demonstrate wrist pain (*Id.* at 46), and nothing to suggest a broken wrist. Later x-rays confirmed that the Plaintiff's wrist had never been broken (Doc. 97 at 15). These inconsistencies, but a few of the many discussed by Judge Williams in his

R&R, directly impugn the Plaintiff's credibility with the Court and clearly demonstrate the rationale for concluding that the Plaintiff was not in imminent danger.

### C. Plaintiff's Objection

Plaintiff's objection consists of eight handwritten pages (Doc. 123). The Plaintiff first takes issue with the cases which the Defendants relied upon. He discusses the Third Circuit case of *Gibbs v. Roman*, **116 F.3d 83, 86-87 (3d Cir. 1997)** (cited in *Taylor*), noting that "[t]his case does not pertain to [his] issue" (Doc. 123 at 1). He adds that while *Gibbs* speaks to the denial of legal documents, the Plaintiff was denied critical medications (*Id.*). The Plaintiff reads *Gibbs* far too narrowly. The critical language in *Gibbs* addresses the "imminent danger" alleged in a complaint, without concern *as to what the danger is*:

> We hold, therefore, that a complaint alleging imminent danger—even if brought after the prior dismissal of three frivolous complaints—must be credited as having satisfied the threshold criterion of § 1915(g) unless the "imminent danger" element is challenged. If the defendant, after service, challenges the allegations of imminent danger (as Roman has done here on appeal), the district court must then determine whether the plaintiff's allegation of imminent danger is credible, as of the time the alleged incident occurred, in order for the plaintiff to proceed on the merits [IFP]. Of course, if the defendant disproves the charge that the plaintiff was placed in imminent danger at the time of the incident alleged, then the threshold criterion of § 1915(g) will not have been satisfied and the plaintiff may not proceed absent the payment of the requisite filing fee.

**116 F.3d at 86,** *overruled on other grounds by Abdul-Akbar v. McKelvie*, **239 F.3d 307, 312 (3d Cir. 2001) (**"[A] prisoner may invoke the imminent danger exception only to seek relief from a danger which is imminent at the time the complaint is filed.").

Similarly, he argues that *Taylor* is inapposite, as the Defendants "did not object timely nor did they object/contest at the hearing that was held" to the Plaintiff's claim of "imminent danger" (Doc. 123 at 1). Here, the Plaintiff's reading of *Taylor* is simply wrong—unchallenged allegations are accepted as true, but challenged allegations must be examined to determine whether the allegations of imminent danger were supported by evidence. **623 F.3d at 485, citing** *Gibbs***, 116 F.3d at 86.** The Magistrate Judge did so in this case, and determined that the allegations were not supported by the evidence. The fact that the Defendants did not object at a given time is inconsequential, only that they ultimately did challenge the allegation.[1]

He finally questions the Defendants' use of *Ammons v. Hannula*, but here again the Plaintiff reads the district court's ruling too narrowly. **2009 WL 799670 at \*3 (W.D. Wis. Mar. 24, 2009)**. In *Ammons*, the plaintiff was also subject to the "three strikes rule" due to prior filings and was initially granted IFP status based upon allegations of imminent danger of serious physical harm. *Id.* **at \*1.**[2] After a denial of a preliminary injunction, the Defendants moved for dismissal, arguing that the denial was "tantamount to a finding that there is no imminent danger of harm." *Id.* **at \*3 (internal**

---

[1] The Court is aware of the requirements under *Ciarpaglini v. Saini,* wherein a Court should not make its own determinations of the strength of the claims made by a Plaintiff in his complaint. **352 F.3d 328, 330-31 (7th Cir. 2003).** The Court is not doing so, but is instead addressing the underlying question, raised by the Defendants, of whether the Plaintiff was in "imminent danger" at the time of his complaint, which a Court should not "blindly accept." *Taylor***, 623 F.3d at 486**. As the *Taylor* court noted, to do otherwise "would mean that a three-strikes plaintiff could proceed IFP whenever his allegations of imminent danger were facially plausible, even if the defendant had incontrovertible proof that rebutted those allegations." *Id.*

[2] Interestingly, Mr. Ammons was also suffering from a wrist injury which he claims was not treated.

**quotation marks removed).** The district judge, though believing the evidence to date demonstrated a lack of imminent danger, allowed the Plaintiff the opportunity to show cause why the case should not be dismissed—in essence to demonstrate that he was in imminent danger as he had alleged. *Id.* **at \*4-5.** The Court doubts that a more parallel case could be found.

Much of the remainder of the Plaintiff's objection is an overview of the legal grounds for granting IFP to a three strikes prisoner under the "imminent danger" exception (Doc. 123 at 2-3), the demonstration of indecency necessary to be found *in forma pauperis* (*Id*. at 3), the requirements for a preliminary injunction (*Id*. at 3-4), grounds for granting an amended complaint (*Id*. at 4-5), his basis for sanctions against the Defendants (*Id*. at 5), and other requests of the Court (*Id*. at 5-6). While the Court commends the legal research the Plaintiff has conducted, it is unresponsive to Judge Williams' R&R.

The final portion of the Plaintiff's objection discusses issues of "retaliation" and "reprisal" against the Plaintiff, namely for his filing of complaints, including this one. In addition to being vague, unsubstantiated,[3] and previously addressed by the Court on numerous occasions (*see, e.g.,* Doc. 5 at 4-7), these statements are unresponsive to Judge Williams' R&R. The Court again reminds the Plaintiff that the only live claim in this

---

[3] The Plaintiff makes several accusations of retaliation against him throughout the document. These allegations are generally ambiguous and in all cases unsupported with evidence. *See* Doc. 123 at 1 ("I'm still in imminent danger, due to the fact that something in the near future my [sic] happen again.").

matter is whether the Defendants were deliberately indifferent to his serious medical needs (*Id*. at 9). As the Plaintiff's claims of retaliation against him are not directly related to the underlying claims in this case and to Judge Williams' recommendations, the Court shall disregard them until such time as they are properly before the Court.[4]

D. <u>Analysis</u>

There is no question that the Plaintiff has previously received three strikes and must demonstrate "imminent danger" in order to proceed IFP. **28 U.S.C. § 1915(g).** At threshold, the Court did not conduct a detailed analysis of the Plaintiff's allegations, and merely assumed them to be true, as the Seventh Circuit requires. ***Ciarpaglini,* 352 F.3d at 330-31.** The Defendants have since challenged these allegations, requiring the Court to do evaluate the credibility of the allegations. ***Taylor,* 623 F.3d at 485**. The Magistrate Judge has done precisely that and no more, and has recommended that this Court find that the Plaintiff's allegations are not credible. In objecting, the Plaintiff has clearly demonstrated that he disagrees with the Magistrate Judge's R&R, but has not provided the Court with any basis to disagree with the findings. Under § 1915(g), he cannot demonstrate that, at the time he filed his complaint, he was in imminent danger, and therefore cannot proceed *in forma pauperis*.

---

[4] The Court acknowledges that the Plaintiff has filed what appear to be the same objections in his companion case, 15-cv-0087-MJR-SCW. (*See* Doc. 132.) The Court shall presume that these statements are more directly related to that case, and admonishes the Plaintiff for filing duplicate objections in different cases.

E. **Conclusion**

For the reasons stated herein, the Court agrees with the conclusions reached by Magistrate Judge Williams. Therefore, the Court **REJECTS** Plaintiff's objections (Doc. 123) and **ADOPTS** the Report and Recommendations in its entirety (Doc. 118). The Court **REVOKES** the Plaintiff's IFP status and **ORDERS** the Plaintiff to pay the full filing fee within thirty (30) days of the entry of this Order. Failure to pay the full filing fee will result in a dismissal of this action. The Court also **DENIES** Plaintiff's latest request for IFP status (Doc. 124).

**IT IS SO ORDERED.**

DATED: **January 6, 2016**

*s/ Michael J. Reagan*
Michael J. Reagan
Chief Judge
United States District Court
